Chief Justice Bingham
delivered the opinion of the Court:
This cause comes here on appieal from the judgment of the Circuit Court sustaining a demurrer to the declaration. The action is for libel.
The demurrer is urged upon the following grounds:
1. That the alleged libel is upon its face no libel.
2. That the alleged libel does not charge the plaintiff with the crime of embezzlement, as in the said declaration is averred.
*538 3. That the innuendo of the declaration is not supported-by the contents of the alleged libel.
It is assumed by counsel for the defendant that the purpose of the plaintiff was to set forth in the declaration an action based entirely upon the theory that the alleged publication 'Contained a charge of embezzlement against the plaintiff, and the claim is made that a proper interpretation of the language of the publication does not warrant any such conclusion, counsel very properly claiming that the innuendoes in the declaration cannot enlarge the natural meaning of the words used in the publication.
As a matter of law it is not the office of an innuendo in a declaration to enlarge the meaning of the words alleged to be libelous.
The publication alleged to be libelous is as follows:
“ Dismissal of a Cabinet Maker. — The Secretary of the Treasury has directed the removal of Mr. Julius Viedt, a cabinet maker employed in the Treasury Department, on the complaint of Mrs. Lucy O’Brien, of this city, the dismissal to take effect on the 31st. The case has been under investigation more than a yeai\ The cause of the difficulty between Viedt and Mrs. O’Brien dates back two or three years ago. The latter and her husband took rooms in Mr. Viedt’s house; after a short time Mr..O’Brien, it is alleged, eloped with Miss Viedt. This step on the part of her husband, of- course, caused some difficulty in Mrs. O’Brien’s financial condition, and she finally left Mr. Viedt’s house, leaving her furniture there for storage; Viedt, she reported to the Treasury authorities, sold the goods and retained the money. Mrs. O’Brien has tried to get the Treasury Department to order Viedt to refund, but this was refused’. After hearing the evidence on both sides, Assistant Secretary Thompson, to whom the case was referred, decided to dismiss the man and recommended that action to the Secretary.”
We think the publication does not import that a charge *539 is made against the plaintiff of embezzlement, at any rate not. of legal embezzlement, because a fact is stated in the’ publication which would at once refute the idea of the plaintiff being guilty of any such crime.
Prom the statement of facts in the publication, the implication is that the plaintiff was simply a bailee of Mrs. O’Brien, and it is a well settled principle of law that a bailee may convert the property of his bailor to his own use is not thereby guilty of embezzlement in this jurisdiction,, but is guilty of a breach of trust, and of defrauding his bailor.
But as we view this publication, there is a substantial ground for an action of libel, excluding from the declaration all words charging the intent of the defendant to have been by such publication to charge the plaintiff with embezzlement. [It is well settled that any publication which is-calculated to bring the party into disgrace, to injure his-fame or good name and expose him to ridicule or contempt is libelous yicmse, although if spoken verbally it would not be actionable./^
Omitting all in the declaration which relates to embezzlement, it will read as follows : .
“ Por that whereas the plaintiff now is a good, true,, honest, and faithful citizen and as such hath always behaved and conducted himself, and until the committing of the grievance by the defendant as • hereinafter mentioned was always reputed, esteemed, and accepted by and amongst all his neighbors, and other good and worthy citizens, to whom he was in anywise known, to be a person of good name, fame, and credit, to wit, at the city of Washington, in the District of Columbia. * * * Yet the defendant well knowing the premises, but contriving, and wickedly and maliciously intending to injure the plaintiff in his good name, fame, and credit and to bring him into public scandal, infamy and disgrace with and amongst all his neighbors and other good and worthy citizens, * * * and to *540 vex, harass, oppress, impoverish, and wholly ruin the plaintiff, heretofore, to wit, on the 26th day of January, A. D. 1888, at the city of Washington, in the District of Columbia aforesaid, falsely, wickedly, and maliciously did compose and publish and cause and ¡irocure to be published in the said newspaper called The Evening Star, of and concerning the plaintiff a certain false, scandalous, malicious, defamatory, and libelous matter as follows [here follows the publication heretofore recited] : Which said false, scandalous, malicious, and defamatory libel was composed and published and procured to be composed and published by the defendant of and concerning the plaintiff, the defendant meaning and intending thereby to charge the plaintiff with having sold the goods and household furniture left with him for storage by the said Lucy O’Brien, and with having converted the proceeds thereof to his own use, and thus defrauding the said Lucy O’Brien, and further meaning and intending thereby to make it appear that the plaintiff was discharged from his position in the Treasury Department as cabinet maker by the Secretary because he had been adjudged guilty of the charge of having thus sold the goods and furniture of the said Lucy O’Brien ” “ to the wrong and prejudice of the said Lucy O’Brien, whereby and by reason of the said false, scandalous, malicious, and defamatory libel, the plaintiff hath been and is greatly injured,” &c.
Thus stripped of all relation to embezzlement it is a good declaration. The alleged publication does charge that the plaintiff was the bailee of Mrs. O’Brien; that the plaintiff ■sold the goods without her consent must be inferred from the language used, and that he appropriated the money to his own use, for the reason that the article assumes that Mrs. O’Brien, unable to get her money, made application to the Treasury Department, in which Department the plaintiff in this action was employed, for the purpose of compelling the defendant to pay it to her. The publication *541 states that the case on this application was pending for a year in the Department, and that finally, the case being referred to the Assistant Secretary of the Treasury, and he having heard the evidence .on both sides, determined, not to order the money to be refunded but to dismiss the plaintiff as an employee of the Treasury Department. The inference is irresistible from this statement that the plaintiff was to be dismissed because of the facts stated in the publication.
Such a charge published in the manner and in. the language in which it is thus stated, is undoubtedly libelous, because it tends to injure the good name and fame of the party to whom the article is directed and to bring him into disgrace.

The judgment of the court below is reversed, the demurrer overruled, and the cause sent back for further proceedings.